John Lynn Smith (SBN 154657)
Julia C. Butler (SBN 199133)
Joonsik Maing (SBN 240927)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Specially Appearing Defendant
Waste Management, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT INC., REDWOOD LANDFILL, INC. and DOES 1-10, inclusive,<br><br>Defendants. | No. C-08-01686 WHA<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY APPEARING DEFENDANT WASTE MANAGEMENT, INC.'S 12(b)(2) MOTION TO DISMISS**<br><br>Date:          July 17, 2008<br>Time:         8:00 a.m.<br>Place:         Courtroom 9<br>Compl. Filed:  March 27, 2008<br><br>Honorable William H. Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 17, 2008 at 8:00 a.m., or as soon thereafter as the matter may be heard before the Honorable William H. Alsup of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102, Specially Appearing Defendant Waste Management, Inc. ("WMI") will and hereby does move the Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for dismissal of Plaintiff Northern California River Watch's Complaint against WMI for lack of personal

jurisdiction.

This motion is based on the ground that WMI lacks sufficient minimum contacts with the State of California for the Court to constitutionally exercise personal jurisdiction over WMI.

This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities, Declaration of Linda J. Smith, and Request for Judicial Notice filed concurrently herewith; the pleadings and papers on file in this action; and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: June 3, 2008.

REED SMITH LLP

By     /s/
John Lynn Smith
Attorneys for Specially Appearing Defendant
Waste Management, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

C-08-01686 WHA                  – 2 –                  DOCSOAK-9909073.4
NOTICE OF MOTION AND MOTION; MPA IN SUPPORT OF SPECIALLY APPEARING
DEFENDANT WASTE MANAGEMENT, INC.'S 12(b)(2) MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF THE ISSUE TO BE DECIDED ................................................................ 1

II. INTRODUCTION ................................................................................................................. 1

III. BACKGROUND .................................................................................................................. 2

    A. River Watch's Complaint ............................................................................................ 2

    B. Corporate History Of WMI ......................................................................................... 2

    C. WMI And Redwood Landfill, Inc. Are Separate And Distinct Legal Entities ........... 3

    D. WMI Has No Contacts With California ..................................................................... 4

IV. ARGUMENT ....................................................................................................................... 4

    A. This Court Cannot Constitutionally Exercise Personal Jurisdiction Over WMI ....... 4

        1. WMI Is Not Subject To General Jurisdiction Because WMI Lacks Substantial, Continuous And Systematic California Contacts ................. 5

        2. WMI Is Not Subject To Specific Jurisdiction Because River Watch Cannot Establish Any Of The Factors That Would Allow The Exercise Of Specific Jurisdiction Over WMI .......................................... 9

            a. WMI Has Not Purposefully Availed Itself Of The Privilege Of Conducting Activities In California ........................................ 9

            b. River Watch's RCRA Claims Do Not Arise Out Of WMI's Conduct In California ................................................................ 10

            c. There Is No Reasonable Or Fair Basis For Exercising Jurisdiction Over WMI In California .................................................. 11

V. CONCLUSION ................................................................................................................... 12

C-08-01686 WHA            – i –            DOCSOAK-9909073.4

NOTICE OF MOTION AND MOTION; MPA IN SUPPORT OF SPECIALLY APPEARING DEFENDANT WASTE MANAGEMENT, INC.'S 12(b)(2) MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

Amba Marketing System, Inc. v. Jobar International, Inc.,
  551 F.2d 784 (9th Cir. 1977) .......................................................................................... 4

Amoco Egypt Oil Co. v. Leonis Navigation Co.,
  1 F.3d 848 (9th Cir. 1993) .............................................................................................. 6

Ballard v. Savage,
  65 F.3d 1495 (9th Cir. 1995) .......................................................................................... 9

Bancroft & Masters, Inc. v. Augusta National, Inc.,
  223 F.3d 1082 (9th Cir. 2000) ........................................................................................ 6

Core-Vent Corp. v. Nobel Industrial AB,
  11 F.3d 1482 (9th Cir. 1994) ........................................................................................ 11

Doe v. Unocal Corp.,
  248 F.3d 915 (9th Cir. 2001) .......................................................................................... 5

Fields v. Sedgwick Association Risks, Ltd.,
  796 F.2d 299 (9th Cir. 1986) .......................................................................................... 6

Gordy v. Daily News,
  95 F.3d 829 (9th Cir. 1996) ............................................................................................ 9

Harris Rutsky & Co. Insur. Serv., Inc. v. Bell & Clements Ltd.,
  328 F.3d 1122 (9th Cir. 2003) .................................................................................... 6, 8

Helicopteros Nacionales de Columbia, S.A. v. Hall,
  466 U.S. 408 (1984) ........................................................................................................ 6

International Shoe Co. v. Washington,
  326 U.S. 310 (1945) ........................................................................................................ 5

Myers v. Bennett Law Offices,
  238 F.3d 1068 (9th Cir. 2001) ...................................................................................... 10

Panavision International, L.P. v. Toeppen,
  141 F.3d 1316 (9th Cir. 1998) ........................................................................................ 5

Red Wing Shoe Co. v. Hockerfson-Halberstadt, Inc.,
  148 F.3d 1355 (Fed. Cir. 1998) ...................................................................................... 6

Rio Properties, Inc. v. Rio International Interlink,
  284 F.3d 1007 (9th Cir. 2002) ........................................................................................ 4

Schwarzenegger v. Fred Martin Motor Co.,
  374 F.3d 797 (9th Cir. 2004) .......................................................................................... 5

Taylor v. Portland Paramount Corp.,
  383 F.2d 634 (9th Cir. 1967) .......................................................................................... 4

## STATUTES

Cal. Code Civ. Proc. § 410.10 ................................................................................................5

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................................................5

## I.   STATEMENT OF THE ISSUE TO BE DECIDED

Whether the Court should dismiss Plaintiff Northern California River Watch's ("River Watch") complaint against Specially Appearing Defendant Waste Management, Inc. ("WMI") because WMI lacks sufficient minimum contacts with the State of California ("California") for the Court to constitutionally exercise personal jurisdiction over WMI.

## II.   INTRODUCTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure[1], WMI files this motion seeking an order dismissing River Watch Complaint against WMI for lack of personal jurisdiction ("Motion"). This Motion should be granted because WMI does not have sufficient minimum contacts with California for the Court to constitutionally exercise general or specific personal jurisdiction over WMI. Notably, WMI is a Delaware corporation with its principal place of business in Houston, Texas; WMI is a holding company that neither provides services to, nor conducts business with, customers; WMI is not registered or licensed to conduct business in California; WMI does not directly own any physical property or equipment in California; WMI does not have any offices or employees in California; WMI does not maintain a designated agent for service of process in California; and WMI does not have any bank accounts in California. Accordingly, this Court should decline to exercise general personal jurisdiction over WMI. This Court should also decline to exercise specific personal jurisdiction over WMI because, as WMI does not have significant contacts with California, WMI could not have purposefully availed itself of the privilege of conducting activities in California, the Resource Conversation and Recovery Act ("RCRA") claims in River Watch's Complaint could not have arisen from WMI's activities in California, and it would be unreasonable to exercise personal jurisdiction over WMI in California and this action. Because the exercise of general or specific personal jurisdiction over WMI in

---

[1] Unless otherwise noted, all references to "Rule" are to a Federal Rule of Civil Procedure.

California, or this action, would be constitutionally inappropriate, River Watch's Complaint against WMI should be dismissed for lack of personal jurisdiction.

### III.     BACKGROUND

#### A.     River Watch's Complaint

In its Complaint, River Watch alleges that WMI and Redwood Landfill, Inc. violated and continue to violate RCRA for the following two reasons: (1) allegedly violating permits, standards or regulations related to the operation of Redwood Landfill located at 8950 Redwood Highway North, Novato, California, and (2) allegedly handling solid or hazardous waste at Redwood Landfill in a manner that creates an imminent and substantial endangerment to health and the environment ("Alleged Violations"). Exhibit A to Request for Judicial Notice ("Complaint"), ¶¶ 25-28, 30-36. However, WMI could not have committed the Alleged Violations because it has no significant contacts with California, much less Redwood Landfill, the location of the Alleged Violations. Further, River Watch does not allege, and could not allege, that Redwood Landfill, Inc., the company that actually owns and operates Redwood Landfill, is the alter ego or general agent of WMI, and in no way does River Watch assert that WMI is responsible for the conduct of Redwood Landfill, Inc. *See generally* Complaint; *see also* Declaration of Linda J. Smith ("Smith Decl."), ¶¶ 3-13.

#### B.     Corporate History Of WMI

WMI was incorporated in Oklahoma in 1987 under the name "USA Waste Services, Inc." and was reincorporated as a Delaware company in 1995. Smith Decl., ¶ 2. In a 1998 merger, the Oakbrook, Illinois based company, formerly known as Waste Management, Inc. became a wholly-owned subsidiary of USA Waste Services, Inc. and changed its name to Waste Management Holdings, Inc. ("WM Holding"). *Id.* At the same time, USA Waste Services, Inc., the parent

C-08-01686 WHA — 2 — DOCSOAK-9909073.4
NOTICE OF MOTION AND MOTION; MPA IN SUPPORT OF SPECIALLY APPEARING
DEFENDANT WASTE MANAGEMENT, INC.'S 12(b)(2) MOTION TO DISMISS

company, changed its name to Waste Management, Inc. Smith Decl., ¶ 2. WMI's principal executive offices are located in Houston, Texas. *Id.*

C.  **WMI And Redwood Landfill, Inc. Are Separate And Distinct Legal Entities**

WMI does not directly own or operate Redwood Landfill. *Id.*, ¶ 5. Redwood Landfill, Inc., the company that actually owns and operates Redwood Landfill, is a subsidiary of WMI. *Id.*, ¶ 4. However, Redwood Landfill, Inc. is a separate and distinct corporate entity from WMI. *Id.* WMI maintains its own separate and appropriate corporate minutes and records as required under the laws of the jurisdiction in which it is incorporated. *Id.*, ¶ 10. Such corporate minutes and records of WMI are not intermingled with the corporate minutes or records of any of its subsidiaries, including Redwood Landfill, Inc. *Id.* Further, WMI has its own corporate officers and directors. *Id.*, ¶ 11. Indeed, each subsidiary of WMI has its own officers and directors. *Id.* Further, WMI is a holding company that conducts substantially all of its operations through subsidiaries *Id.*, ¶ 3. Those subsidiaries employ their own personnel in connection with their business operations. *Id.*

The phrase "Waste Management" is a service mark, as is "WM Waste Management," used in connection with the offering of waste services throughout the United States. *Id.* As described in all of its filings with the Securities and Exchange Commission, WMI is a holding company. *Id.* WMI's only assets generally are the stock of its subsidiaries. *Id.* These operating subsidiaries use the "Waste Management" and "WM Waste Management" service marks to advertise the offering of their services and to show their affiliation with WMI. *Id.* WMI has consented to the use of its federally registered service marks by the operating subsidiaries; however, this usage, as described, only indicates that the separate legal entities are "affiliates" (as that term is defined in the federal securities laws). *Id.*

D.  **WMI Has No Contacts With California**

WMI is a holding company that neither provides services to, nor conducts business with, customers. Smith Decl., ¶ 2. WMI's principal executive offices are located in Houston, Texas. *Id.* Further, WMI is not registered or licensed to conduct business in California. *Id.*, ¶ 6. WMI does not have any employees working in California. *Id.*, ¶ 7. All of WMI's administrative and executive functions are primarily carried out in the State of Texas, and not in California. *Id.*, ¶ 9. In fact, WMI does not have any offices in California. *Id.*, ¶ 8. Further, WMI does not maintain a registered agent for service of process in California. *Id.*, ¶ 12. Additionally, WMI does not directly own any physical property or equipment in California. *Id.*, ¶ 5. Lastly, WMI has no bank accounts in California. *Id.*, 13.

IV.  **ARGUMENT**

A.  **This Court Cannot Constitutionally Exercise Personal Jurisdiction Over WMI**

In a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction for each named defendant. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In carrying its burden, a plaintiff must do more than reiterate the jurisdictional allegations of the complaint. "[A] plaintiff may not simply rest on the bare allegations of its complaint, but rather must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see also Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone.").

The starting point of a personal jurisdiction analysis is the forum state's long-arm

statute. *See* Fed. R. Civ. P. 4(k)(1)(A); *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). If jurisdiction is appropriate under that statute, then the court must determine whether its exercise of jurisdiction comports with due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Since California's long-arm statute is coextensive with federal due process, the jurisdictional analysis under state law and federal due process is the same. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); Cal. Code Civ. Proc. § 410.10.

Due process requires that a nonresident defendant have "certain minimum contacts [with the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316. Under the minimum contacts analysis, personal jurisdiction may be either specific or general. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). A court may exercise "general jurisdiction" over a defendant whose contacts with a forum are so substantial, continuous, and systematic that they approximate "physical presence" in the forum. *Id.* at 801-2. A court may exercise "specific jurisdiction" when the defendant purposefully avails itself of the privilege of conducting activity in the forum, the cause of action directly arises out of a defendant's contacts with the forum, and the exercise of jurisdiction over the defendant is reasonable. *Id.* River Watch cannot establish that the exercise of general jurisdiction over WMI is proper because WMI has no significant contacts with California, much less contacts that are so substantial, continuous, and systematic that they approximate physical presence in California. Moreover, River Watch cannot establish any of the factors that would allow this Court to exercise specific jurisdiction over WMI.

1.  **WMI Is Not Subject To General Jurisdiction Because WMI Lacks Substantial, Continuous And Systematic California Contacts**

The standard for establishing general jurisdiction is extremely high. "Because general jurisdiction is not related to the events giving rise to the suit, courts impose *a more stringent minimum contacts test*, requiring the plaintiff to demonstrate that the Defendant has 'continuous and

systematic general business contacts.'" *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413, 414 n.8 (1984) (emphasis added); *accord Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence."); *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (noting that the Supreme Court has upheld the exercise of general jurisdiction only once and stating that the Ninth Circuit "regularly [has] declined to find general jurisdiction even where the contacts [have been] quite extensive"); *Fields v. Sedgwick Ass'n Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (acknowledging that the standard for general jurisdiction is "a high standard in practice."). "Random," "fortuitous," or "attenuated" contacts are insufficient. *Red Wing Shoe Co. v. Hockerfson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998).

When determining if systematic and continuous contacts exist to support the exercise of general jurisdiction, courts look to "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc.*, 223 F.3d at 1086, modified on other grounds by *Yahoo! Inc. v. La Ligne Contre Le Racisme Et L'Antisenitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Further, "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Insur. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). A subsidiary's contacts may be imputed to the parent if the subsidiary is the parent's alter ego or general agent. *Id.* The alter ego exception applies if the plaintiff establishes that (1) there is such unity of interest and ownership that the separate personalities of the subsidiary and the parent no longer exist; and (2) failure to disregard the separate identities of the subsidiary and parent would result in fraud or injustice. *Id.* at 1334-5. Further, the general agent exception applies if plaintiff establishes that the subsidiary was established for or is engaging in activities that, but for, the existence of the subsidiary, the parent would have to undertake itself. *Id.*

Here, River Watch cannot prove that the exercise of general jurisdiction over WMI is appropriate because WMI does not have systematic and continuous contacts with California. WMI does not have systematic and continuous contacts with California because:

(1) WMI is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas;

(2) WMI is a holding company that conducts all of its operations through subsidiaries and, as a holding company separate and distinct from its subsidiaries, WMI has no significant business operations of its own;

(3) WMI is not registered to conduct business in California;

(4) WMI does not have any employees working in California;

(5) All of WMI's administrative and executive functions are carried out in the State of Texas, and not in California;

(6) WMI does not have a designated agent for service of process in California;

(7) WMI does not directly own any physical property or equipment in California; and

(8) WMI does not have any bank accounts in California. Smith Decl., ¶¶ 2, 5-9, 12, 13.

Further, River Watch does not allege, and could not allege, that Redwood Landfill, Inc. is the alter ego or general agent of WMI, and in no way does River Watch assert that WMI is

responsible for the conduct of Redwood Landfill, Inc. *See generally* Complaint; *see also* Smith Decl., ¶¶ 3-13. WMI and Redwood Landfill, Inc., the company that actually owns and operates Redwood Landfill, are separate and distinct legal entities. Smith Decl., ¶ 4. WMI does not own or operate Redwood Landfill. *Id.*, ¶ 5. In addition, although Redwood Landfill, Inc. is a subsidiary of WMI, WMI maintains its own separate and appropriate corporate minutes and records as required under the laws of the jurisdiction in which it is incorporated. *Id.*, ¶ 10. Such corporate minutes and records of WMI are not intermingled with the corporate minutes or records of any of its subsidiaries. *Id.* WMI also has its own corporate officers and directors, as does Redwood Landfill, Inc. *Id.*, ¶ 11. Additionally, WMI's subsidiaries employ their own personnel to conduct the subsidiary businesses in California – WMI does not have any employees in California. *Id.*, ¶¶ 3, 7. This type of parent-subsidiary relationship is insufficient to attribute the contacts of Redwood Landfill, Inc. to WMI for jurisdictional purposes. *See Harris Rutsky & Co. Ins. Serv., Inc.*, 328 F.3d at 1134.

Additionally, Redwood Landfill, Inc.'s occasional use of the phrase "Waste Management" and "WM Waste Management" in its communications does not constitute sufficient contacts with California to confer personal jurisdiction over WMI. The phrase "Waste Management" is merely a service mark, as is "WM Waste Management," used in connection with the offering of waste services throughout the United States. Smith Decl., ¶ 3. As described in all of its filings with the Securities and Exchange Commission, WMI is a holding company. *Id.* WMI's only assets generally are the stock of its subsidiaries. *Id.* These operating subsidiaries, which employ personnel in connection with their business operations, all use the "Waste Management" and "WM Waste Management" service marks to advertise the offering of their services and to show their affiliation with WMI. *Id.* WMI has consented to the use of its federally registered service marks by the operating subsidiaries; however, this usage, as described, only indicates that the separate legal entities are "affiliates" (as that term is defined in the federal securities laws). *Id.* As mentioned, the fact that these types of activities were conducted by WMI's subsidiaries is insufficient to attribute the contacts of WMI's subsidiaries to WMI. *See Harris Rutsky & Co. Ins. Serv., Inc.*, 328 F.3d at 1134.

Given that WMI has no significant contacts with California, River Watch cannot establish general personal jurisdiction over WMI. Thus, River Watch's Complaint against WMI should be dismissed for lack of personal jurisdiction.

### 2. WMI Is Not Subject To Specific Jurisdiction Because River Watch Cannot Establish Any Of The Factors That Would Allow The Exercise Of Specific Jurisdiction Over WMI

The Ninth Circuit has established a general three-part test for determining specific jurisdiction and minimum contacts: (1) the non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the non-resident defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Gordy v. Daily News*, 95 F.3d 829, 831-32 (9th Cir. 1996). No prong of this test is satisfied here because WMI has no significant contacts with California.

#### a. WMI Has Not Purposefully Availed Itself Of The Privilege Of Conducting Activities In California

"[T]he 'purposeful availment' requirement is satisfied if the defendants have taken deliberate action within the forum state or if they have created continuing obligations to forum residents." *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). As mentioned, WMI has no significant contacts with California. Smith Decl., ¶¶ 2-13. Specifically, WMI is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas; WMI is a holding company that conducts all of its operations through subsidiaries and, as a holding company separate and distinct from its subsidiaries, WMI has no significant business operations of its own; WMI is not registered to conduct business in California; WMI does not have

any employees working in California; all of WMI's administrative and executive functions are carried out in the State of Texas, and not in California; WMI does not have a designated agent for service of process in California; and WMI does not have any bank accounts in California. *Id.* Because WMI has no significant contacts with California, WMI could not have purposefully availed itself of the privilege of conducting activities in California by taking deliberate action within California or creating continuing obligations to California residents. Thus, the Court should decline to exercise specific jurisdiction over WMI.

### b. River Watch's RCRA Claims Do Not Arise Out Of WMI's Conduct In California

In determining whether the claims arise out of a nonresident defendant's conduct within the forum, the plaintiff must show that "but for" the defendant's forum-related conduct, the cause of action would not have occurred. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). In its Complaint, River Watch alleges that WMI violated and continues to violate RCRA by: (1) allegedly violating permits, standards or regulations related to the operation of Redwood Landfill located at 8950 Redwood Highway North, Novato, California, and (2) allegedly handling solid or hazardous waste at Redwood Landfill in a manner that creates an imminent and substantial endangerment to health and the environment ("Alleged Violations"). Complaint, ¶¶ 25-28, 30-36. However, WMI could not have committed the Alleged Violations because WMI does not have significant contacts with California or Redwood Landfill. *See* Smith Decl., ¶¶ 2-13. Notably, WMI is a foreign corporation with its principal place of business in Houston, Texas; WMI, as a holding company that is separate and distinct from its subsidiaries, has no significant business operations of its own; and WMI is not registered or licensed to conduct business in California; WMI does not have any employees or offices in California; WMI does not directly own or operate Redwood Landfill; and Redwood Landfill, Inc., the company that actually owns and operates Redwood Landfill, is a separate and distinct corporation from WMI. *Id.* Because WMI has no significant contacts with California and it is established that Redwood Landfill, Inc. is a separate entity not operated by WMI,

River Watch cannot show that its RCRA claims against WMI would not have occurred "but for" WMI's forum-related conduct. Thus, this Court should decline to exercise specific jurisdiction over WMI.

### c. There Is No Reasonable Or Fair Basis For Exercising Jurisdiction Over WMI In California

In determining whether exercise of specific jurisdiction over a non-resident defendant would be reasonable or fair, courts consider the following factors: (1) extent of purposeful interjection; (2) burden on defendant; (3) extent of conflict with sovereignty of foreign state; (4) forum state's interest in adjudication; (5) most efficient judicial resolution; (6) convenience and effectiveness of relief for plaintiff; and (7) availability of alternative forum. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-8 (9th Cir. 1994). No one factor is dispositive. *Id.* at 1488. However, "the smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.*

Here, WMI has no significant contacts with California and therefore could not have purposefully interjected itself into California. Because WMI could not have purposefully interjected itself into California, the exercise of jurisdiction over WMI would impose a substantial burden on WMI, especially because WMI has no direct connections to California or to Redwood Landfill. Further, as mentioned, WMI is a Delaware corporation with its principal place of business in Houston, Texas. WMI has no offices or employees in California. These facts establish that exercising jurisdiction over WMI would impose a substantial burden on WMI by forcing it to defend a lawsuit hundreds of miles away from any of its operations, especially if River Watch seeks to depose company witnesses. Given these facts, it would be unreasonable to exercise specific jurisdiction over WMI in this action.

V.  CONCLUSION

River Watch bears the burden of establishing this Court's personal jurisdiction over WMI. Because WMI's contacts with California, if any, are *de minimis*, this Court's exercise of personal jurisdiction over it in California would be unfair, unreasonable and unconstitutional. Accordingly River Watch's Complaint against WMI should be dismissed for lack of personal jurisdiction.

DATED: June 3, 2008.

REED SMITH LLP


By  /s/
    John Lynn Smith
    Attorneys for Specially Appearing Defendant
    Waste Management, Inc.