John Lynn Smith (SBN 154657)
Email: jlsmith@reedsmith.com
Julia C. Butler (SBN 199133)
Email: jbutler@reedsmith.com
Joonsik Maing (SBN 240927)
Email: jmaing@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
Redwood Landfill, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT INC., REDWOOD LANDFILL, INC. and DOES 1-10, inclusive,<br><br>Defendants. | No. C-08-1686 WHA<br><br>**DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Compl. Filed:    March 27, 2008<br><br>Honorable William H. Alsup |

Defendant Redwood Landfill, Inc. ("Defendant") answers the Complaint for Injunctive Relief, Civil Penalties, Restitution and Remediation filed in this action by plaintiff Northern California River Watch ("Plaintiff") on March 27, 2008 ("Complaint") as follows:

**PRELIMINARY STATEMENT**

To the extent the titles and headings inserted by Plaintiff in the Complaint are intended to make or infer claims or allegations against Defendant, they are denied.

I.   NATURE OF THE CASE

1. Answering Paragraph 1 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant admits that Plaintiff seeks the relief specified, but denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating the Resource Conservation and Recovery Act ("RCRA"), and denies that Plaintiff is entitled to any relief against Defendant. Defendant states that the Notice of Violations and Intent to File Suit attached as Exhibit A to the Complaint ("Notice") speaks for itself. Defendant denies the allegations in the Notice to the extent they are incorporated into the Complaint. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that the Notice speaks for itself. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that the Notice speaks for itself. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant admits that Plaintiff seeks the relief specified, but denies that Plaintiff has any valid claim against Defendant, denies that Defendant violated or is violating the RCRA. Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

**II.   PARTIES**

7. Answering Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

8. Answering Paragraph 8 of the Complaint, Defendant denies that Plaintiff has any valid claim against Defendant, denies that Defendant produced or is producing illegal discharges, denies that Defendant committed or is committing any violations of the RCRA alleged in the Complaint, denies that Plaintiff's members suffered an injury in fact, and denies that Plaintiff is entitled to any relief against Defendant. As to the remaining allegations of Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

9. Answering Paragraph 9 of the Complaint, Defendant denies that Waste Management, Inc. is a private corporation. Defendant admits the remaining allegations in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations therein.

11.     Answering Paragraph 11 of the Complaint, Defendant denies any wrongdoing alleged in Paragraph 11 of the Complaint. Defendant states that the Notice speaks for itself. As to the remaining allegations of Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies those allegations.

### III.    JURISDICTIONAL ALLEGATIONS

12.     Answering Paragraph 12 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that 42 United States Code section 6972(a)(1) speaks for itself.

13.     Answering Paragraph 13 of the Complaint, to the extent it states a conclusion of law, no response is required. Defendant denies that Plaintiff has any valid claim against Defendant, denies that Defendant discharges pollutants into waterways and natural resources in violation of the RCRA, denies that Defendant violated or is violating the RCRA in any way, denies that Defendant's operations have adversely affected, are adversely affecting, or will adversely affect the interests of Plaintiff's members, denies that Plaintiff's members suffered an injury in fact and denies that any such injury, if any, was caused by Defendant, and denies that Plaintiff or Plaintiff's members are entitled to any relief from Defendant. As to the remaining allegations of Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

14.     Answering Paragraph 14 of the Complaint, to the extent it states a conclusion of law, no response is required. Defendant admits that it received a letter dated October 17, 2007 that Plaintiff claims is a valid Notice of Violations and Intent to File Suit under the RCRA. Defendant denies that it committed or is committing any of the violations alleged in the Complaint and denies that Plaintiff satisfied the notice requirements under 42 United States Code section 6972(2)(A). As

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to the remaining allegations of Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

15. Answering Paragraph 15 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant admits that its facilities are located in the Northern District of California. Defendant denies that the alleged illegal discharges occurred at its facilities and denies that its facilities are the source of the alleged violations set forth in the Complaint.

IV. **GENERAL ALLEGATIONS**

16. Answering Paragraph 16 of the Complaint, Defendant realleges and reasserts all its responses in Paragraphs 1 through 15 and incorporates them herein by reference.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it owns and operates a Class III landfill and composting facility that receives most of Marin County's waste as well as waste from sites outside of Marin County. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and, on that basis, denies those allegations.

## V. STATUTORY AND REGULATORY BACKGROUND

20. Answering Paragraph 20 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that 42 United States Code section 6972(a)(1)(A) speaks for itself. Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, to the extent it states conclusions of law, no response is required. Defendants states that 42 United States Code section 6972(a)(1)(B) speaks for itself. Defendant denies the remaining allegations of Paragraph 21 of the Complaint.

## VI. REDWOOD'S ALLEGED VIOLATIONS

22. Answering Paragraph 22 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 23 of the Complaint.

## VII. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF

24. Answering Paragraph 24 of the Complaint, Defendant realleges and reasserts its responses in Paragraph 1 through 23 and incorporates them herein by reference.

25. Answering Paragraph 25 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that 42 United States Code sections 6972(a)(1)(A) and 6928(a) and (g) speak for themselves.

26. Answering Paragraph 26 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant denies the remaining allegations of Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of the Complaint, Defendant denies that it violated, is violating or will violate the RCRA. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendant denies that it committed, is committing or will commit the violations alleged in Paragraph 28 of the Complaint. Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

### B.   SECOND CLAIM FOR RELIEF

29. Answering Paragraph 29 of the Complaint, Defendant realleges and reasserts its responses in Paragraph 1 through 28 and incorporates them herein by reference.

30. Answering Paragraph 30 of the Complaint, to the extent it states conclusions of law, no response is required. Defendant states that 42 United States Code section 6972(a)(1)(B) speaks for itself.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies the allegations therein.

33. Answering Paragraph 33 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

34. Answering Paragraph 34 of the Complaint, to the extent it states legal conclusions, no response is required. Defendant states that the RCRA statutes speak for themselves.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. Answering Paragraph 36 of the Complaint, Defendant denies that it committed, is committing or will commit the violations alleged in Paragraph 36 of the Complaint. Defendant denies the remaining allegations of Paragraph 36 of the Complaint.

**VIII.   RELIEF REQUESTED**

37. Answering Paragraph 37 of the Complaint, Defendant denies that it violated or is violating the RCRA and denies that Plaintiff is entitled to the relief sought in Paragraph 37 of the Complaint.

38. Answering Paragraph 38 of the Complaint, Defendant denies that it stores or disposes of pollutants and hazardous wastes from its facilities and landfill site in a manner that poses an imminent and substantial risk to health and the environment and denies that Plaintiff is entitled to the relief sough in Paragraph 38 of the Complaint.

39. Answering Paragraph 39 of the Complaint, Defendant has complied and continues to comply with the substantive and procedural requirements of the RCRA. As such, Defendant denies that Plaintiff is entitled to the relief sough in Paragraph 39 of the Complaint.

40.     Answering Paragraph 40 of the Complaint, to the extent it states legal conclusions, no response is required. Defendant states that 42 United States Code sections 6928(a) and (g) speak for themselves. Defendant denies that it violated or is violating the RCRA. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 40 of the Complaint.

41.     Answering Paragraph 41 of the Complaint, to the extent it states legal conclusions, no response is required. Defendant states that 33 United States Code section 1365(d) and California law speak for themselves. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 41 of the Complaint.

42.     Answering Paragraph 42 of the Complaint, Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant, while reserving the right to assert other affirmative defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the following separate and independent affirmative defenses in further opposition to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Defective Notice)

Plaintiff's Notice is defective because it failed to sufficiently and with particularity identify purported violations of the RCRA, and failed to otherwise provide adequate notice as required by the RCRA and its regulations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Perform Conditions or Exhaust Remedies)

The Complaint, and each claim for relief therein, is barred because Plaintiff failed to exhaust its remedies and failed to perform all necessary conditions precedent required prior to filing the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, and each claim for relief therein, is barred by the applicable statutes of limitations, including, but not limited to, 28 United States Code section 2462.

## FIFTH AFFIRMATIVE DEFENSE

(Standing)

Plaintiff and its members lack standing to bring some or all the claims set forth in the Complaint against Defendant. Among other things, Plaintiff and its members lack constitutional standing under Article III of the United States Constitution, lack standing because they have not suffered actual injuries and any alleged threatened injury is insufficient to create standing, lack standing under the RCRA to the extent they seek to recover based on wholly past violations, if any, with no reasonable expectation of recurrence.

## SIXTH AFFIRMATIVE DEFENSE

(Various Equitable Defenses)

The Complaint, and each claim for relief therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, ratification, acquiescence, abandonment, waiver, res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees and Costs)

Plaintiff failed to state facts sufficient to adequately set forth a claim for attorneys' fees and costs.

## EIGHTH AFFIRMATIVE DEFENSE

(Defendant's Attorneys' Fees and Costs)

Defendant is informed and believes and thereupon alleges that the Complaint was filed against Defendant without reasonable cause and not in good faith, and that Defendant is entitled to reasonable attorneys' fees and costs pursuant to 33 United States Code section 1365(d).

## NINTH AFFIRMATIVE DEFENSE

(Unconstitutional Delegation of Executive Power)

The provisions of 42 United States Code section 6972(a)(1) – to the extent they authorize citizen suits to enforce the RCRA – are invalid because they violate the separation of powers provisions (Article II, Section 3) and the Appointments Clause (Article II, Section 2, Clause 2) of the United States Constitution.

C-08-1686 WHA — 11 — DOCSOAK-9909435.4-JMAING 6/9/08 2:40 PM

DEFENDANT REDWOOD LANDFILL, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION; DEMAND FOR JURY TRIAL

## TENTH AFFIRMATIVE DEFENSE

(Mootness)

Plaintiff's claims are moot to the extent the alleged violations, if any, have been cured, are not likely to recur and therefore do not form a "case or controversy" as required by Article III of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

(Ripeness)

The Complaint, and each claim for relief therein, is barred because the claims in the Complaint are premature and not ripe for adjudication.

## TWELFTH AFFIRMATIVE DEFENSE

(No Ongoing Violations)

The Complaint, and each claim for relief therein, is barred because Defendant has not engaged in ongoing violations of the RCRA and there is no reasonable likelihood that Defendant will engage in future violations of the RCRA.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

The Complaint, and each claim for relief therein, is barred based on the doctrine of primary jurisdiction – Plaintiff's claims lie within the primary jurisdiction of federal, state and/or local regulatory agencies.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Fault of Others and Conditions Out of Defendant's Control)

The Complaint, and each claim for relief therein, is barred to the extent the violations, injuries, harm or damage alleged in the Complaint were caused by conditions not under the control of Defendant or acts, omissions, negligence, fraud, or breach of obligations by persons or parties

other than Defendant, over whom Defendant had no authority or control and whose conduct Defendant had no duty or reason to anticipate or control.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Not Fault of Defendant)

The Complaint, and each claim for relief therein, is barred because Defendant did not cause or contribute to the violations, injuries, harm or damage alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Parties)

The Complaint, and each claim for relief therein, is barred because Plaintiff has failed to join in this action an indispensable or necessary party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The Complaint, and each claim for relief therein, is barred because, if successful, it would result in the unjust enrichment of Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Excessive Fines and Due Process)

Recovery of the fines and penalties sought by Plaintiff is unconstitutional because such fines and penalties are excessive and violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, Section 1 of the Fourteenth Amendment to the United States Constitution, and other provisions of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

(Civil Penalties Unjustified)

Any award of civil penalties in this action is unjustified under the criteria stated in federal case law and the RCRA.  For example, Plaintiff is not entitled to civil penalties or any other relief for alleged violations of the RCRA that occurred wholly in the past.  Any alleged violations of the RCRA by Defendant, if any, are wholly past violations and, as a result, not actionable.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Imminent and Substantial Endangerment)

Defendant is not a past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Compliance with Law)

Defendant has not violated any permit, standard, regulation, condition, requirement, prohibition, or order effective pursuant to the RCRA.  Defendant should be absolved from any liability, if any, arising from the conditions existing in or around its facilities or landfill site because all Defendant's activities were undertaken in compliance with all laws in existence at the time those activities occurred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Authorized Acts or Omissions)

Defendant is not liable for any acts or omissions, directed, mandated, permitted, approved or ratified by local, state or federal authorities, including, but not limited to, acts or omissions made in accordance with permits, regulations, orders, requirements, ordinances, statutes, and laws applicable

at the time of such acts or omissions. Defendant's actions were performed in compliance with and under express regulatory approval of local, state or federal authorities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Injunction Unnecessary)

Plaintiff's claim for injunctive relief has not accrued and fails to state a proper claim for relief because Plaintiff has an adequate remedy at law and has suffered no irreparable harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(42 U.S.C. § 6972(b))

The Complaint, and each claim for relief therein, is barred to the extent provisions of 42 United States Code section 6972(b) bar the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Conduct Not Actionable At Time It Occurred)

The Complaint, and each claim for relief therein, is barred to the extent Plaintiff seeks to impose liability or penalties on Defendant retroactively or for conduct that was not actionable at the time that conduct occurred, if it occurred at all.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Compliance with Water Quality Standards)

The Complaint, and each claim for relief therein, is barred to the extent any relief sought is based on the presence of substances, if any, in water at amounts within applicable federal, state and/or local water quality standards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Excuse/Necessity)

The Complaint, and each claim for relief therein, is barred because Defendant's actions, at all times relevant to the Complaint, were necessary and the injuries alleged by Plaintiff, if any, are outweighed by the benefit to the public from Defendant's actions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Balance of Hardships/Utility of Conduct)

The injunctive relief Plaintiff seeks would impose a hardship on Defendant greatly disproportionate to that imposed on Plaintiff from failing to grant such injunctive relief. Moreover, the injunctive relief Plaintiff seeks is contrary to the interest of third parties and the general public. Further, the benefit derived from Defendant's actions outweighs the risk of injury, if any, alleged by Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Defendant reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery or trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever, and prays as follows:

1. That Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

3. For such other and further relief as the Court deems just and proper.

DATED: June 9, 2008.

            REED SMITH LLP

By   /s/
John Lynn Smith
Attorneys for Defendant
Redwood Landfill, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Redwood Landfill, Inc. hereby demands a trial by jury as to all issues so triable.

DATED: June 9, 2008

REED SMITH LLP

By ___/s/_____
John Lynn Smith
Attorneys for Defendant
Redwood Landfill, Inc.