UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WASTE MANAGEMENT INC., REDWOOD LANDFILL, INC. and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | No. C08-01686 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　　　July 17, 2008<br>Time:　　　　11:00 a.m.<br>Place:　　　　Courtroom 9<br>Compl. Filed:　March 27, 2008<br>Trial Date:　　None Set<br><br>Honorable William H. Alsup |

　　　The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. As set forth in paragraph 12 below, the parties have engaged in informal settlement discussions through their attorneys and have exchanged drafts of settlement terms. The parties hope to finalize the settlement prior to the Case Management Conference set for July 17, 2008.

　　　1. <u>Jurisdiction and Service.</u>　　This Court has subject matter jurisdiction over this matter pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. section 6901 *et seq.* Specially Appearing Defendant Waste Management, Inc. contests personal jurisdiction as set forth in its 12(b)(2) Motion to Dismiss. All parties to this action have been served.

2. <u>Facts</u>.  Redwood Landfill, Inc. ("Redwood") owns and operates the Landfill, located in Novato, California in northeast Marin County.  Beginning in 1958, operations at the Landfill have included solid waste disposal, yard waste processing and composting, equipment maintenance, sludge storage and processing and various other landfill support activities for the communities in and surrounding Marin County.  The Landfill property is approximately 420 acres, and the landfill operations described above occur on approximately 222.5 of those acres.

On October 17, 2007, Plaintiff Northern California River Watch sent a Notice of Violations and Intent to File Suit ("Notice") under the Resource Conservation and Recovery Act ("RCRA").  In that Notice and in the Complaint, Plaintiff alleges, *inter alia*, (and Redwood disputes) that Redwood is violating RCRA by (1) causing toxic metals and other hazardous wastes to be discharged or deposited where they are or probably will be discharged into waters of the State and thus creating or threatening to create conditions of pollution or nuisance; (2) causing contamination of soil, groundwater and surface water; and, (3) illegally discharging to waters which are habitat for threatened or endangered species.  The principal factual issues in dispute are:

- Whether Redwood discharges arsenic, acetone and carbon disulfide into waters of the State;

- Whether pollutants at the landfill site leach into groundwater from contact with refuse;

- Whether Redwood has violated RCRA provisions relating to general operating requirements for landfills, release detection and provision requirements, and release response and corrective action requirements.

3. <u>Legal Issues</u>.    The disputed primary points of law are as follows:

- Whether Redwood has caused the discharge of hazardous wastes to soil and groundwater in violation of regulations regarding the use and disposal of hazardous wastes (RCRA § 3004(d), 42 U.S.C. § 6924(d));

- Whether Redwood has contributed to the handling, storage, treatment, transportation or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or to the environment (RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)).

4. <u>Motions</u>.    Specially Appearing Defendant Waste Management, Inc. has filed and served a 12(b)(2) Motion to Dismiss, currently set to be heard August 28, 2008. Plaintiff anticipates filing a motion to consolidate this action with Case No. C07-05058 WHA.

5. <u>Amendment of Pleadings</u>.    Plaintiff plans to amend its Complaint to add its latest, supplemental CWA Notice Letter and CWA allegations, in light of the results of water quality sampling Plaintiff conducted at a site visit subsequent to Plaintiff's initial CWA Notice and Complaint in the related Case No. C07-05058. Plaintiff requests a deadline of January 25, 2009.

6. <u>Evidence Preservation</u>.    Defendants Redwood Landfill, Inc. and Specially Appearing Defendant Waste Management, Inc. have taken steps to preserve electronic evidence relevant to the issues reasonably evident in this action including interdiction of document destruction programs and ongoing erasures of emails, voice mails and electronically-recorded material for those witnesses likely to create, maintain or receive such information.

7. <u>Disclosures</u>.    Plaintiff and defendant Redwood Landfill, Inc. have served initial disclosures in compliance with Fed. R. Civ. P. 26. Those initial disclosures include a list of

witnesses likely to have discoverable information that the disclosing party may use to support its claims or defenses and a description of documents by category and location of data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses. Because of the pending motion to dismiss for lack of personal jurisdiction, Plaintiff and defendant Waste Management, Inc. stipulated that WMI would serve its initial disclosures two weeks after the hearing on its motion to dismiss, if WMI is still in the case.

8. <u>Discovery</u>. Although no discovery has yet been conducted in this action (aside from the initial disclosures), discovery has been conducted in the related case, Case No. C07-05058 including but not limited to a first set of interrogatories and demands for inspection of documents by defendant Redwood Landfill, Inc., two sets of demands for inspection of documents by plaintiff, a site inspection conducted by plaintiff, and the issuance of approximately ten (10) subpoenas for documents to third parties. The parties have had disputes regarding the scope of discovery, but have either worked those out informally or with the assistance of the Court. The parties do not propose any limits or modifications to the discovery rules (including the disclosure rule and local rules) at this time. The parties propose the following discovery plan:

- *Subject for Discovery:* The parties intend to conduct discovery relating to the merits of the case as well as jurisdictional issues such as standing.

- *Timing for Discovery:* Plaintiff contends that, because this is a RCRA case concerning underground migration of pollutants, a portion of Plaintiff's case may depend upon the collection of evidence during storm events. Certain samples can only be taken after the ground has become saturated by rain water and experiences runoff during minor storm events. Samples during peak flow periods are also required. A review of weather patterns during the past five years reveals that highest

– 4 –

flows have occurred between early January and late February. Therefore, plaintiff requests that non-expert discovery remain open through May 2009.

The parties agree that discovery should conclude approximately four months before trial as indicated in the schedule below.

- *Phased Discovery:* The parties do not believe that phased discovery is warranted for this case.

- *Electronic Discovery:* The parties agree that any discoverable electronic information shall be produced in an electronic format usable by both parties such as .tif, .pdf or native files.

- *Privilege or Attorney Work Product Protection Claims*: The parties agree that they will produce privilege logs with each document production. The parties will likely desire a protective order which they will submit to the Court at a later date. The parties agree that any inadvertent production of privileged or attorney work product material will be handled on a case-by-case basis.

9. <u>Class Actions</u>. This is not a class action.

10. <u>Related Cases</u>. The Court has designated Case No. C07-05058 as a related case.

11. <u>Relief</u>. Plaintiff's claims request injunctive relief and civil penalties under RCRA.

12. <u>Settlement and ADR</u>. The parties have been engaged in settlement discussions through their attorneys for the past 4-6 weeks and have exchanged multiple drafts of settlement terms. The parties are close to a final agreement on all terms of a settlement and expect to submit a

consent decree resolving all issues raised by this case and the related case to this Court prior to the case management conference scheduled for July 17, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>. The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>. The parties do not believe that there are any other suitable references for this action.

15. <u>Narrowing of Issues</u>. At this time and without the benefit of further discovery, the parties cannot narrow any issues by agreement.

16. <u>Expedited Schedule</u>. The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>. The parties propose the following schedule:

- *Expert Designation:* May 30, 2009; opposition reports due 14 calendar days thereafter; reply reports due 7 calendar days thereafter; expert discovery cut-off 14 calendar days after the deadline for reply reports.

- *Non-Expert Discovery Cutoff:* May 30, 2009

- *Last Day to File Dispositive Motions:* July 1, 2009

- *Pretrial Conference:* September 14, 2009

- *Trial:* September 28, 2009

18. <u>Trial</u>.   Defendants request a jury trial and expect the trial to last 15-20 court days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>.    Defendants identify USA Waste of California, Inc. as an entity that (i) has a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

///

///

///

///

///

///

///

///

///

///

///

20. <u>Other</u>. The parties do not have any other issues to raise with the Court at this time.

DATED: July 10, 2008.

LAW OFFICES OF JACK SILVER

By _/s/ Jerry Bernhaut_
Jack Silver
Jerry Bernhaut
Attorneys for Plaintiff Northern California River Watch

DATED: July 10, 2008.

REED SMITH LLP

By _/s/ Julia Butler_
John Lynn Smith
Julia C. Butler
Attorneys for Defendant Redwood Landfill, Inc. and Specially Appearing Defendant Waste Management, Inc.

DOCSOAK-9912581.1

– 8 –